**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD LEATON,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:09-cv-94-Orl-28KRS**

**PARAMOUNT LAKE EOLA, L.P.,**

        **Defendant.**

## ORDER

In his Complaint (Doc. 1), Plaintiff brings ten counts against Defendant, Paramount Lake Eola, L.P. Defendant has filed a Motion to Dismiss Count I (Doc. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff has filed a Response (Doc. 15) thereto. As set forth below, the motion is granted without prejudice.

### I. Background

Plaintiff filed his Complaint on January 14, 2009. He alleges that on August 11, 2005 he executed a Purchase Agreement to buy a condominium from Defendant at a building known as Paramount on Lake Eola ("the Paramount"). (Compl. ¶ 6). In Count I, Plaintiff alleges numerous violations by Defendant of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701–1720, in connection with that transaction. As relief on this count, Plaintiff seeks revocation of the Purchase Agreement, return of his deposit, other damages, and attorneys' fees and costs. (Compl. at 13). In the motion to dismiss (Doc. 12), Defendant seeks dismissal of Count I on the basis that it is time-barred.

## II. Discussion

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" Id. (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)) (alterations in original). However, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred." Id. (internal quotation omitted).

Defendant contends that Plaintiff cannot obtain any relief in Count I because the ILSFDA provides a three-year statute of limitations that bars all of the claims asserted in this count. Defendant is correct. It is apparent from the face of the Complaint—as well as from the Purchase Agreement referred to therein and attached thereto—that Plaintiff's ILSFDA's claims are untimely.

The ILSFDA provides that "[a] purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title," 15 U.S.C. § 1709(a), and that "[a] purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title," id. § 1709(b). The ILSFDA includes its own statute of limitations. See 15 U.S.C. § 1711. Actions for violations of subsections (a)(1) or (a)(2)(D) of § 1703 are barred if brought "more than three years after

the date of signing of the contract of sale or lease." 15 U.S.C. § 1711(a)(1). Likewise, actions "to enforce a right created under subsection (b), (c), (d), or (e) of section 1703" must be "brought within three years after the signing of the contract or lease." Id. § 1711(b). The time limitation for pursuing violations "of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703," however, is "three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence." Id. § 1711(a)(2).

Plaintiff alleges numerous violations of ILSFDA in Count I.[1] All of the provisions that Defendant allegedly violated, however, are subject to the "within three years of the signing of the contract" limitation set forth in 15 U.S.C. § 1711(a)(1) or (b), not the "within three years of when discovery of the violation should have been made" limitation provided by 15 U.S.C. § 1711(a)(2). Plaintiff's claims are therefore time-barred.

Plaintiff argues in his response that the ILSFDA "does not have an absolute time bar of three (3) years from the date the Purchase Agreement is signed," but in support of this statement he cites § 1711(a)(2)'s "discovery of the violation" standard, which governs only violations of subsections (a)(2)(A), (a)(2)(B), and (a)(2)(C) of section 1703. (Doc. 15 at 3). However, Plaintiff has not alleged a violation of any of these subsections. Plaintiff asserts that he has alleged in one paragraph of his Complaint that Defendant violated §

---

[1]Plaintiff alleges that Defendant violated 15 U.S.C. § 1703(a)(1)(A), (Compl. ¶ 22); § 1703(a)(1)(B), (Compl. ¶ 24); § 1703(a)(1)(C), (Compl. ¶ 26); § 1703(a)(1)(D), (Compl. ¶ 28); § 1703(c), (Compl. ¶ 30); § 1703(d)(1), (Compl. ¶ 33); and § 1703(d)(2), (Compl. ¶ 36).
Plaintiff also alleges in Count I that Defendant did not comply with applicable regulations setting forth what must be contained in a property report. (See Compl. at 8-11). However, these allegations are part of a violation of § 1703(a)(1)(B), which cross-references § 1707, which in turn provides that a property report shall contain "such other information as the Secretary may by rules or regulations require."

1703—without any breakdown as to a subsection—and that this, "as a matter of law, includes section 1703(a)(2)(A)-(C)." (Doc. 15 at 3 (citing Compl. ¶ 77)). This argument, however, is unavailing. Subsections (a)(2)(A), (a)(2)(B), and (a)(2)(C) of section 1703 proscribe fraudulent conduct, and Plaintiff has not alleged fraud anywhere in Count I. Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Plaintiff has not done so, and he cannot defeat the motion to dismiss by relying on his general reference to § 1703 in paragraph 77 of the Complaint and suggesting that it necessarily includes the anti-fraud provisions of that statutory section.[2] The Court will, however, allow Plaintiff an opportunity to amend his Complaint so that he can—if he can do so in good faith—properly allege a claim under subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 that could potentially be timely due to the discovery rule.[3]

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 12) is **GRANTED without prejudice**.

---

[2]Plaintiff also argues that his ILSFDA count is incorporated into another count—Count VI—and that for this reason Count I should not be dismissed. The Court rejects this contention out of hand; incorporation of a time-barred count into another count cannot render the time-barred count viable on its own. The issue of whether it can serve as the basis for another count is not before the Court at this time.

[3]The Court notes that in other counts of the Complaint, Plaintiff does allege fraud and misrepresentation, though the alleged misrepresentations are alleged to have occurred after the Purchase Agreement was signed. (See, e.g., Compl. ¶ 166). By allowing Plaintiff leave to amend, the Court by no means suggests that Plaintiff has an actionable fraud-type claim under the ILSFDA; however, the Court is constrained to give leave to amend because it is not clear that amendment would be futile.

Count I of the Complaint (Doc. 1) is **DISMISSED without prejudice**.  Plaintiff may replead Count I by filing an Amended Complaint **on or before Friday, June 5, 2009,** if he can in good faith assert an actionable claim under subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of Title 15 of the United States Code.  If Plaintiff fails to replead the claim by this deadline, Count I will be dismissed with prejudice without further notice.

**DONE** and **ORDERED** in Orlando, Florida this 15th day of May, 2009.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party