**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re: PARAMOUNT LAKE EOLA, L.P. LITIGATION**

**Case Nos.**
| | |
|---|---|
| **6:09-cv-94-Orl-28KRS** | **LEATON v. PARAMOUNT LAKE EOLA, L.P.** |
| **6:09-cv-661-Orl-28KRS** | **KAUFFMAN v. PARAMOUNT LAKE EOLA, L.P.** |
| **6:09-cv-662-Orl-28KRS** | **VINER v. PARAMOUNT LAKE EOLA, L.P.** |
| **6:09-cv-922-Orl-28KRS** | **QUANG v. PARAMOUNT LAKE EOLA, L.P.** |
| **6:09-cv-1267-Orl-28KRS** | **VIAMONTES v. PARAMOUNT LAKE EOLA, L.P.** |
| **6:09-cv-1325-Orl-28KRS** | **NAGASSAR v. PARAMOUNT LAKE EOLA, L.P.** |

# ORDER

These six cases are before the Court on motions filed by Defendant, Paramount Lake Eola, L.P., to dismiss[1] Counts I and VI of the Complaints[2] filed in these cases. Plaintiffs have filed Responses in Opposition to the motion, and the Court now issues the following ruling thereon.

## I. Background

During July, August, and September 2005, the Plaintiffs in these six cases executed Purchase Agreements for the preconstruction purchase from Defendant of condominiums in a building called The Paramount on Lake Eola ("The Paramount") in downtown Orlando.

---

[1]Substantially the same motion to dismiss has been filed in each of the six cases listed in the caption above. Unless otherwise noted, all record citations herein are to the docket in the lowest-numbered of these cases, 6:09-cv-94.

[2]In three of the six cases, Amended Complaints have been filed. (Doc. 17 in Case No. 6:09-cv-94; Doc. 11 in Case No. 6:09-cv-661; and Doc. 12 in Case No. 6:09-cv-662). In the other three cases, only initial Complaints (Doc. 1 in each case) have been filed. References to "Complaint" in the text shall be understood to refer to the Amended Complaint in those cases in which one has been filed.

The building was completed in 2008, and the Plaintiffs filed these lawsuits in this Court in 2009.[3] Plaintiffs allege ten separate counts, and Defendant now seeks dismissal of two of those—Count I, in which Plaintiffs allege that Defendant violated the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701-1720, and Count VI, in which Plaintiffs allege that Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.201 et seq., Florida Statutes (Count VI).

## II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

---

[3]There are dozens more cases pending in this Court in which other purchasers of condominiums at The Paramount bring similar claims. This Order addresses only the motions to dismiss filed in these six cases.

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Eleventh Circuit Court of Appeals has explained, "[p]articularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (second alteration in original).

Count I—ILSFDA

In Count I of the Complaints, Plaintiffs allege numerous violations by Defendant of the ILSFDA. Defendant contends that Plaintiffs cannot obtain any relief on many of their allegations in Count I because the ILSFDA provides a three-year statute of limitations that bars causes of actions for many of the subsections of the statute that Plaintiffs cite in this count. Defendant is correct in this regard. It is apparent from the face of the Complaints—as well as from the Purchase Agreements referred to therein and attached thereto—that most of Plaintiffs' ILSFDA claims are untimely.[4]

The ILSFDA provides in part that "[a] purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title," 15 U.S.C. § 1709(a), and that "[a] purchaser or lessee may bring an

---

[4]"A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta, 358 F.3d at 845 (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)) (alterations in original). However, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred." Id. (internal quotation omitted).

action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title," id. § 1709(b). The ILSFDA includes its own statute of limitations. See 15 U.S.C. § 1711. Actions for violations of subsections (a)(1) or (a)(2)(D) of § 1703 are barred if brought "more than three years after the date of signing of the contract of sale or lease." 15 U.S.C. § 1711(a)(1). Likewise, actions "to enforce a right created under subsection (b), (c), (d), or (e) of section 1703" must be "brought within three years after the signing of the contract or lease." Id. § 1711(b). The time limitation for pursuing violations "of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703," however, is "three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence." Id. § 1711(a)(2).

Plaintiffs allege numerous violations of ILSFDA in Count I. Many of the provisions that Defendant allegedly violated, however, are subject to the "within three years of the signing of the contract" limitation set forth in 15 U.S.C. § 1711(a)(1) or (b), not the "within three years of when discovery of the violation should have been made" limitation provided by 15 U.S.C. § 1711(a)(2). To the extent that Plaintiffs are asserting violations of subsections (a)(1) or (a)(2)(D) of § 1703 or to enforce a right created under subsection (b), (c), (d), or (e) of § 1703, Count I is time-barred.[5]

---

[5]This Court has previously ruled on this issue in addressing an earlier motion to dismiss in one of these six cases—Case No. 6:09-cv-94. In the Order entered in that case on May 18, 2009 (Doc. 16), the Court dismissed all of Count I because at that time Plaintiff Leaton did not allege any violations that were not time-barred. The Court did, however, grant Plaintiff Leaton leave to file an amended complaint if he could, in good faith, allege a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of 15 U.S.C. § 1703. (Doc. 16 at 4-5). Plaintiff Leaton filed an Amended Complaint (Doc. 17) doing so. The Amended Complaint also realleged violations of other portions of § 1703 that the Court has already determined

However, Plaintiffs also allege in Count I that Defendant violated subsections (a)(2)(A), (a)(2)(B), and (a)(2)(C) of § 1703. Suit may be brought for violations of these provisions within "three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 1711(a)(2). Insofar as Count I alleges violations of these subsections, the count is not subject to dismissal based on untimeliness because it cannot be determined at this stage of the litigation when Plaintiffs discovered or should have discovered the violations.

Defendant, however, seeks dismissal of these remaining portions of Count I on the basis that the allegations—which sound in fraud—do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b). As noted by Defendant in its motions, "[p]leading fraud with particularity is necessary to provide Defendant with sufficient notice of the acts of which Plaintiff[s] complain so that Defendant can frame a response." (Doc. 18 at 4). However, the Court is satisfied that Defendant has been placed on sufficient notice to be able to defend itself in these suits. Plaintiffs have alleged that in the brochures and other promotional materials that they were provided Defendant misrepresented the size of the condominium units and the quality of the amenities and that they were not able to discover the misrepresentations until after the building had been completed. Although the Complaints

---

to be time-barred. The Court is, to say the least, puzzled by Plaintiff Leaton's repleading of these time-barred portions of the claim; the allegations will not be stricken, but the Court reiterates that the only portions of Count I that are viable are those that allege claims that are not time-barred—viz., violations of subsection (a)(2)(A), (a)(2)(B), and (a)(2)(C) of 15 U.S.C. § 1703. Plaintiffs essentially concede in their responses that part of Count I is time-barred. (See, e.g., Doc. 22 at 7 (noting that "[t]he 15 U.S.C. § 1703(a)(1) claims may be time barred")).

could have provided more specific details, they sufficiently apprise Defendant of the basis of the claims. Plaintiffs are correct that Defendant's arguments regarding these alleged violations—and its reliance on extraneous materials in support of its 12(b)(6) motion to dismiss—are more properly brought on a motion for summary judgment. Thus, to the extent that in Count I Plaintiffs allege violations of subsections (a)(2)(A), (a)(2)(B), and (a)(2)(C) of 15 U.S.C. § 1703, Defendant's motions to dismiss are denied.

### Count VI—FDUTPA

In Count VI, Plaintiffs allege that Defendant violated FDUTPA, which proscribes "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce." § 501.204(1), Fla. Stat. In part, Plaintiffs allege in this count that Defendant violated FDUTPA by violating the ILSFDA. Defendant seeks dismissal of this count, arguing that the FDUTPA count is time-barred and that Plaintiffs seek inappropriate damages under the FDUTPA. However, as noted earlier in this Order, not all of Count I is time-barred, and in any event the FDUTPA count is not based solely on the ILSFDA count. And, to the extent Plaintiffs seek a remedy that is not authorized by the FDUTPA, Plaintiffs will not be allowed to recover any such remedy, but dismissal of this count is not warranted or appropriate at this time. Defendant's motions to dismiss are denied with regard to Count VI.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's motions to dismiss—filed with the following docket numbers in the following six cases—are **GRANTED in part and DENIED in part**:

          Doc. 18 in Case No. 6:09-cv-94-Orl-28KRS,
          Doc. 15 in Case No. 6:09-cv-661-Orl-28KRS,
          Doc. 16 in Case No. 6:09-cv-662-Orl-28KRS,
          Doc. 8 in Case No. 6:09-cv-922-Orl-28KRS,
          Doc. 13 in Case No. 6:09-cv-1267-Orl-28KRS, and
          Doc. 7 in Case No. 6:09-cv-1325-Orl-28KRS.

The motions are **GRANTED** to the extent that in part of Count I Plaintiffs have alleged ILSFDA violations that are time-barred, and the motions are otherwise **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida this 16th day of November, 2009.

                                                    JOHN ANTOON II
                                                    United States District Judge

Copies furnished to:
Counsel of Record